UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ADOLFO LEOBARDO ESCOBAR<br><br>Defendant. | Case No.:   18cr5236-LAB<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE** |

On March 7, 2019, Defendant Adolfo Leobardo Escobar pleaded guilty to importation of over 30 kilograms of methamphetamine. On May 28, 2019, the Court sentenced him to 68 months' imprisonment, followed by five years' supervised release. On December 7, 2020, proceeding *pro se*, he filed a motion for modification of his sentence under 18 U.S.C. § 3582(c)(1)(A). Specifically, he seeks compassionate release, permitting him to serve the remainder of his sentence in home confinement.

The government opposed the motion, arguing that Escobar had not exhausted his administrative remedies, and asked that the motion be denied without prejudice. Escobar, however, believes he has exhausted his administrative remedies, and attaches a request he sent to the warden as evidence of this.

/ / /

Under § 3582(c)(1)(A), a court may in limited circumstances grant a defendant's motion to modify his term of imprisonment. The defendant must first petition the Bureau of Prisons (BOP) to file the motion on his behalf. A court may not grant the motion unless the defendant fully exhausts his administrative remedies with the BOP. If the requirements are met the Court may in its discretion modify or reduce the defendant's term of imprisonment after reconsidering the factors set forth in 18 U.S.C. § 3553(a). But if statutorily-provided exhaustion requirements are not met, the Court cannot exercise its jurisdiction. *See United States v. Baye*, 464 F. Supp. 3d 1178, 1182–84 (D. Nev., 2020) (concluding that exhaustion requirements for compassionate release under § 3582(c)(1)(A) are jurisdictional).

Some courts have held these requirements non-jurisdictional and subject to waiver or equitable exceptions. *See United States v. Connell*, ___ F. Supp. 3d ___, 2020 WL 2315858 at *2–5 (N.D. Cal., May 8, 2020). Even if the Court were persuaded that the exhaustion requirement is a claims-processing rule, however, the Court would still be required to enforce it here. *See United States v. Drummondo-Farias*, 460 F. Supp. 3d 1008, 1012 (D. Haw. 2020) (citing *Ross v. Blake*, ___ U.S. ____, 136 S. Ct. 1850 (2016)) (holding that regardless of whether exhaustion requirement is jurisdictional, the court is required to enforce it strictly whenever the government timely asserts it). Assuming that exhaustion could be waived or the subject of equitable exceptions, there is no basis for recognizing either exception here.

Exhaustion requires that the request identify the reasons a defendant intends to rely on. This is consistent with 28 C.F.R. § 571.61, which sets forth the procedure for submitting a § 3582(c)(1)(A) request to the warden. That regulation, in pertinent part, requires that the "request shall at a minimum contain . . . [t]he extraordinary or compelling circumstances that the inmate believes warrant consideration." While courts have required various degrees of specificity, all

require at least some explanation to support the request. *Compare United States v. Mogavero*, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden.") *with United States v.* Jeffers, 466 F. Supp. 3d 99, 1005–06 (N.D. Iowa 2020) (excusing prisoner's failure to mention Type 2 diabetes among other health concerns he raised in his request to the warden).

Escobar's request, which he attaches as Exhibit A to his motion, identifies no compelling circumstances — nor, for that matter any circumstances at all. It consists merely of a terse and unexplained request to be considered either for home confinement under § 12003(b)(2) of the CARES Act of 2020, or for compassionate release under § 3582(c)(1)(A). Although Escobar attached other medical information to the motion he filed in this Court, these were not part of his request to the warden. This does not satisfy the exhaustion requirement.

Because Escobar has not exhausted his administrative remedies, the Court lacks jurisdiction to reach the merits of his motion or to grant his request at this time. The motion is **DENIED WITHOUT PREJUDICE** to its being refiled after he exhausts his remedies.

**IT IS SO ORDERED**.

Dated:  February 3, 2021

*Larry A. Burns*
Honorable Larry Alan Burns
United States District Judge